Filed 5/22/25  P. v. Loeffler CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. SEAN LOEFFLER, Defendant and Appellant. | D084199 (Super. Ct. Nos. SCN449652, SCD296490) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Sean Loeffler, in pro. per.; and Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Sean Loeffler appeals from a judgment following his guilty plea.  After his appointed counsel filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), Loeffler filed a supplemental

brief.[1]  Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2024, Loeffler pled guilty in case No. SCN449652 to two counts of making a criminal threat (Pen. Code,[2] § 422) and one count of corporal injury to an intimate partner (§ 273.5, subds. (a), (f)(1)).  He also admitted a probation violation in case No. SCD296490.  In exchange for his plea, the prosecution dismissed the remaining counts.

On April 30, 2024, pursuant to the plea agreement Loeffler was sentenced in both cases to a total term of two years in prison.  The court also issued 10-year protective orders prohibiting Loeffler from contacting five victims, including one from a prior case. (§ 136.2, subd. (i)(1).)

Loeffler timely filed a notice of appeal.  The notice did not include a certificate of probable cause.

## DISCUSSION

Loeffler's appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, setting forth a statement of the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error. Counsel identified the following issue pursuant to *Anders* to assist the court in conducting our independent review of the record:  Did the trial court err in issuing a protective order for an alleged victim against whom Loeffler was not convicted of a crime?

---

[1]  Loeffler's request to seal records on appeal is denied.  (See Cal. Rules of Court, rule 8.46, subds. (a), (c).)

[2]  All further undesignated statutory references are to the Penal Code.

We offered Loeffler the opportunity to file a supplemental brief on his own behalf. He submitted a brief contending he is entitled to an *Alford*[3] plea, which allows a defendant to plead guilty to take advantage of a plea bargain while still asserting his or her innocence. This contention, however, concerns the validity of Loeffler's plea, which we cannot consider absent a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).) Loeffler also never requested an *Alford* plea in the trial court, instead admitting the factual basis for his plea. Loeffler forfeited his request for an *Alford* plea by failing to raise the request in the trial court. (See *People. v. Scott* (1994) 9 Cal.4th 331, 351.)

## DISPOSITION

The judgment is affirmed.


RUBIN, J.

WE CONCUR:



BUCHANAN, Acting P. J.



CASTILLO, J.

---

[3] *North Carolina. v. Alford* (1970) 400 U.S. 25, 37–38 (*Alford*).